UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES DEJUAN MORRIS,<br><br>  Petitioner,<br>v.<br><br>ISIDRO BACA, et al.,<br><br>  Respondents. | Case No. 3:13-cv-00137-MMD-VPC<br><br>AMENDED ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On September 19, 2013, the Court entered an order requiring petitioner to pay the $5.00 filing fee for this action within thirty (30) days. (Dkt. no. 13). The thirty-day period has now expired, and petitioner has not paid the filing fee or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Pagtalunan v. Galaza,* 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order); *Ghazali v. Moran,* 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given petitioner's failure to obey the Court's order and failure to otherwise prosecute this action, no lesser alternative other than dismissal is appropriate.

///
///
///
///

It is therefore ordered that this action is dismissed without prejudice based on petitioner's failure to pay the filing fee in compliance with this Court's order of September 19, 2013.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 17th day of January 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE