UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES DEJUAN MORRIS,

    Petitioner,

v.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:13-cv-00137-MMD-VPC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On September 19, 2013, the Court entered an order requiring petitioner to pay the $5.00 filing fee for this action within thirty (30) days. (Dkt. no. 13.) Because it appeared that petitioner failed to pay the filing fee as ordered, this action was dismissed without prejudice on January 14, 2014. (Dkt. no. 17.)

Petitioner has filed a motion for reconsideration. (Dkt. no. 21.) In his motion for reconsideration, petitioner states that he submitted the filing fee to the Clerk of Court. Petitioner attaches to his motion a copy of the receipt, issued by the Clerk of Court on October 1, 2013. (Dkt. no. 21, at p. 7.) The receipt reflects that petitioner paid the Clerk of Court the $5.00 filing fee in the above-captioned case on October 1, 2013. (*Id.*) The Clerk erroneously failed to file the receipt on the CM/ECF docket in the above-captioned case. Because the Court's order of dismissal was based on the erroneous belief that petitioner had failed to pay the filing fee as directed, the Court grants petitioner's motion for reconsideration and directs the Clerk to re-open this action.

The Court has reviewed the habeas petition and petitioner's motion for the appointment of counsel. (Dkt. nos. 1-1 & 2.) A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). Counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Petitioner was convicted of murder and robbery with the use of a deadly weapon, for which he is serving multiple consecutive life sentences. Due to the complexity of the issues presented, it appears that, without the assistance of counsel, petitioner cannot adequately litigate this action. Therefore, the Court appoints counsel to represent petitioner in this action.

The Court notes that petitioner's motion for counsel and the petition indicate that the Office of the Federal Public Defender would have a conflict of interest in representing petitioner. Therefore, the Court's Criminal Justice Act (CJA) Coordinator has located alternative counsel, Jeffrey S. Blanck, Esq., who is willing to be appointed to represent the petitioner herein. Mr. Blanck is a Criminal Justice Act panel attorney for the United States District Court, District of Nevada. Counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

It is therefore ordered that petitioner's motion for reconsideration (dkt. no. 21) is granted.

It is further ordered that the Clerk of Court shall detach and file a copy of the receipt of October 1, 2013, found at page 7 of petitioner's motion for reconsideration (dkt. no. 21), reflecting that petitioner paid the $5.00 filing fee for this action.

It is further ordered that the Clerk of Court shall re-open this action.

It is further ordered that petitioner's motion for the appointment of counsel (dkt no. 1-2) is granted.

It is further ordered that CJA Panel Attorney Jeffrey S. Blanck, Esq. is appointed to represent the petitioner herein. Mr. Blanck shall represent petitioner in all future proceedings relating to this matter and appeals therefrom, pursuant to 18 U.S.C. § 3006A(a)(2)(B).

It is further ordered that the Clerk of Court shall electronically serve on Jeffrey S. Blanck, Esq. (jblanck@jeffreyblancklaw.com) a copy of this order, together with a copy of the petition for writ of habeas corpus (dkt. no. 1-1). Mr. Blanck shall have twenty (20) days from the date of entry of this order to undertake direct representation of petitioner by filing a notice of appearance.

It is further ordered that counsel for petitioner shall meet with petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time in this action and that the failure to do so will likely result in any omitted grounds being barred from future review.

It is further ordered, so that respondents may be electronically served with the amended petition and any exhibits or documents filed through counsel, that the Clerk of Court shall serve respondents with a copy of this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order.

It is further ordered that counsel for petitioner shall have ninety (90) days from the date of entry of this order, to file and serve on respondents an amended petition for writ of habeas corpus, which shall include all known grounds for relief (both exhausted and unexhausted).

It is further ordered that respondents shall have thirty (30) days after service of an amended petition within which to answer, or otherwise respond to, the amended petition. If petitioner does not file an amended petition, respondents shall have thirty

///

1  (30) days from the date on which the amended petition is due within which to answer, or
2  otherwise respond to, the original petition.
3      It is further ordered that if and when respondents file an answer, petitioner shall
4  have thirty (30) days after service of the answer to file and serve a reply.
5      It further is ordered that any state court record exhibits filed by the parties herein
6  shall be filed with an index of exhibits identifying the exhibits by number or letter. The
7  CM/ECF attachments that are filed shall further be identified by the number or numbers
8  (or letter or letters) of the exhibits in the attachment.
9      It is further ordered that the parties shall send courtesy (paper) copies of all
10 exhibits presented in support of the amended petition and the response to the amended
11 petition to the Reno Division of this Court. Courtesy copies shall be mailed to the Clerk
12 of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff
13 Attorney" on the outside of the mailing address label.
14     It is further ordered that the Clerk of Court shall send a copy of this order to the
15 CJA Coordinator.

DATED THIS 4th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE