UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| CHARLES DEJUAN MORRIS, | Case No. 3:13-cv-00137-MMD-VPC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA., et al., | |
| Respondents. | |

This is a habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Respondents have filed a motion to dismiss arguing that the habeas petition herein is a second or successive petition filed without authorization from the court of appeals as required by 28 U.S.C. § 2254(b)(3).

Under 28 U.S.C. § 2244(b), where the petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in a prior application ((b)(1)) or a claim that was not presented in a prior application ((b)(2)) unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In addition, § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

In 2006, petitioner initiated in this Court a federal habeas action under 28 U.S.C. § 2254 that was assigned case number 3:06-cv-00493-ECR-RAM. On February 23, 2010, this Court entered an order granting petitioner's motion to voluntarily dismiss several unexhausted claims and denying petitioner's remaining claims on the merits. (3:06-cv-00493-ECR-RAM, dkt. no. 64.) A judgment to that effect was entered the same day. (*Id.*, dkt. no. 65.) The Ninth Circuit affirmed this court's decision on appeal. (*Id.*, dkt. nos. 77-79.)

Petitioner does not dispute that the instant proceeding is a second or successive petition for the purposes of 28 U.S.C. § 2244(b). Instead, he argues only that respondents waived § 2244(b) as a defense by not asserting it when this Court allowed this action to proceed and appointed counsel on June 4, 2014. However, the requirement that petitioner obtain authorization from the circuit court before filing a second and successive petition in the district court is jurisdictional. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Thus, the requirement is not subject to waiver. *See Torres v. Senkowski*, 316 F.3d 147, 151 (2nd Cir. 2003) (successive petition limitation cannot be waived by failure to object).

Petitioner has made no showing that the exceptions outlined in 28 U.S.C. § 2244(b)(2) apply. Further, he has failed to secure an order from the court of appeals authorizing this action as required by 28 U.S.C. § 2244(b)(3). Therefore, this Court is without jurisdiction to consider the habeas petition submitted herein.

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from a final order in a habeas proceeding unless a circuit justice or judge issues a certificate of appealability); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a petition on the ground that it is an unauthorized, successive collateral

1  attack). A certificate of appealability may issue only if the petitioner "has made a
2  substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In
3  addition, when a § 2254 petition is denied on procedural grounds, a certificate of
4  appealability should issue only when the petitioner shows that reasonable jurists "would
5  find it debatable whether the district court was correct in its procedural ruling." *Slack v.*
6  *McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

It is therefore ordered that respondents' motion to dismiss (dkt. no. 33) is granted. The petition is dismissed for lack of jurisdiction. The Clerk shall enter judgment accordingly. A certificate of appealability is denied.

It is further order that petitioner's motion to conduct discovery or, in the alternative, for additional time to file an amended petition (dkt. no. 32) is denied as moot.

DATED THIS 3rd day of June 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE